UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARCURA EQUITIES FZE and DA-
DESK FZ-LLC,

      Plaintiffs,

v.                                                  Case No: 2:17-cv-508-FtM-99CM

WILLIAM JAY SCHULZ,

      Defendant.

## ORDER

This matter comes before the Court upon review of Defendant William Jay Schulz's ("Schulz") Motion to Strike Paragraphs 80-81, 87-102, and 123-129 as well as Exhibits E, I, J, K, M, N, and O of Plaintiffs' Verified Complaint. Doc. 13. Schulz seeks to strike certain allegations in the Complaint and exhibits attached thereto because they reveal pre-suit settlement communications between counsel and refer to an unrelated foreign order. Doc. 13 at 1-2. Plaintiffs oppose the requested relief. Doc. 29.

    I.    **Background**

Plaintiffs Marcura Equities FZE ("Marcura") and DA-Desk FZ-LLC ("DA-Desk") (collectively "Plaintiffs") are foreign companies that have principal places of business in Dubai, United Arab Emirates. Doc. 1 ¶¶ 1-2. Marcura develops and implements solutions for the global maritime shipping industries. *Id.* ¶ 9. Marcura operates through group companies, which are companies or organizations directly or indirectly controlled by DA-Desk, controlling DA-Desk or in common

control with DA-Desk. *Id.* ¶ 11. DA-Desk also is Marcura's group company and is the world's largest independent provider of port cost management services. *Id.* ¶ 12.

DA-Desk invested substantial resources in developing PortLog, an online decision support system and a technology to streamline the port call process for maritime shipping. *Id.* ¶¶ 13-14. Plaintiffs allege PortLog is exceptionally valuable to all entities in the maritime shipping industry by making sea trade more efficient. *Id.* ¶ 17. Thus, Plaintiffs have made efforts to protect the secrecy of PortLog by requiring employees to sign nondisclosure agreements for the technology and the information aggregated through PortLog. *Id.* ¶ 21. Plaintiffs further have taken other protective measures and submitted a patent application to the United States Patent Office. *Id.* ¶¶ 22-24.

Schulz began working for DA-Desk as a "Project Director – PortLog" in August 2014. *Id.* ¶¶ 25-26. He was directly in charge of creating and implementing PortLog and derived products and services. *Id.* ¶¶ 27-28. Schulz had access to confidential information, such as internal PortLog reports and strategy documents, and thus signed an employment agreement providing safeguards for this information. *Id.* ¶¶ 30-40. During the term of his employment, Schulz also gained a high level of influence and credibility with Plaintiffs' customers and employees. *Id.* ¶¶ 41, 44. Thus, Schulz agreed to the non-competition and customer non-solicitation covenants. *Id.* ¶¶ 45-47.

Subsequently, the parties terminated Schulz's employment at his request, and he agreed to a Resignation Agreement terminating his employment on February 28,

2017. *Id.* ¶¶ 52-54. On or around February 17, 2017, Marcura and Schulz entered into a Consultancy Agreement, which granted Schulz access to confidential information and trade secrets belonging to Marcura and other affiliated companies. *Id.* ¶¶ 57-58. Schulz again agreed to restrictive covenants to protect Plaintiffs' business interests when he signed the Consultancy Agreement. *Id.* ¶ 59.

In April 2017, Schulz resigned as a consultant and ended his business relationship with Marcura. *Id.* ¶ 65. After his resignation, Schulz did not return his company laptop or Plaintiffs' files, and he informed Plaintiffs that he accepted a full-time position with a company providing information about the weather at shipping ports. *Id.* ¶¶ 66-67. Plaintiffs later learned Schulz began working with Plaintiffs' competitor, Nisomar Ventures Limited ("Nisomar"). *Id.* ¶¶ 70-71. Nisomar's website advertised a new method of harvesting data, which was substantially similar to PortLog and the technology Schulz developed for Plaintiffs that he agreed to keep confidential. *Id.* ¶¶ 77-79.

On August 10, 2017, Marcura commenced litigation in the United Kingdom against Nisomar and its chief executive officer to obtain an injunction against their use of any confidential information Schulz disclosed to Nisomar. *Id.* ¶ 80. On August 14, 2017, the High Court of Justice in the United Kingdom issued an injunction order requiring Nisomar and its CEO to deliver Marcura's property and confidential information to Marcura and also preventing them from using or disclosing Marcura's confidential information. *Id.* ¶ 81. On September 6, 2017, Plaintiffs filed this action against Schulz. Doc. 1.

## II. Analysis

Schulz first seeks to strike allegations and exhibits related to pre-litigation communications between the parties' counsel through which the parties exchanged information about their respective positions. Doc. 1 ¶¶ 87-102, 123-129; Docs. 1-9, 1-10, 1-11, 1-13, 1-14, 1-15; Doc. 13 at 1-2. He also seeks to strike exhibits and allegations concerning the injunction order issued by the court in the United Kingdom. Doc. 1 ¶¶ 80-81; Doc. 1-5; Doc. 13 at 2. Plaintiffs respond Schulz's motion does not meet the legal standard. Doc. 29.

The Court will not strike Plaintiffs' allegations and exhibits as requested. Rule 12(f) of the Federal Rules of Civil Procedure allows the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "District courts have 'broad discretion in disposing of motions to strike' under Fed. R. Civ. P. 12(f)." *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002) (internal citations omitted). Striking a pleading, however, is a "drastic remedy, which is disfavored by the courts." *Hansen v. ABC Liquors, Inc.*, No. 3:09-cv-966-J-34MCR, 2009 WL 3790447, at *1 (M.D. Fla. Nov. 9, 2009). The court generally does not exercise its discretion to strike under Rule 12(f) "unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995).

Schulz first argues allegations related to counsel's pre-suit communications should be stricken because they are settlement communications inadmissible under Rule 408 of the Federal Rules of Evidence. Doc. 13 at 4-6. Rule 12(f) of the Federal Rules of Civil Procedure, not Rule 408, governs striking allegations or exhibits from pleadings. *Ruberstein Law, P.A. v. Friedman Law Assocs., P.L.*, No. 8:16-cv-1511-T-36JSS, 2016 WL 9211672, at *1 (M.D. Fla. June 23, 2016); *see Harris v. Torus Nat. Ins. Co.*, No. 8:14-cv-1001-T-33AEP, 2014 WL 3053257, at *3 (M.D. Fla. July 7, 2014) ("Rule 12(f) governs striking material from pleadings—not striking evidence."). Furthermore, "disputes over Rule 408 should be resolved as evidentiary matters with motions in limine rather than prematurely in Rule 12(f) motions." *Harris*, 2014 WL 3053257, at *4 (alteration in original) (citations omitted); *see Ruberstein Law,* 2016 WL 9211672, at *1. Thus, the Court will not strike allegations or exhibits based on Rule 408.

Next, Schulz asserts the confidential settlement discussions do not assist Plaintiffs in proving their allegations and are not admissible. Doc. 13 at 6-7. Thus, Schulz claims they are immaterial and impertinent and will prejudice him. *Id.* at 7-8. "[C]ourts should not tamper with the pleadings unless there is a strong reason for so doing." *Agan v. Katzman & Korr. P.A.*, 328 F. Supp. 2d 1363, 1369 (M.D. Fla. 2004) (citation omitted). Here, Schulz does not demonstrate a strong reason why the Court should tamper with Plaintiffs' allegations and exhibits. *See id.* As noted, the Court is not examining the admissibility of evidence at this stage, which is more appropriate for motions in limine. *See* Fed. R. Civ. P. 12(f); *Harris*, 2014 WL

3053257, at *4 (alteration in original) (citations omitted); see *Ruberstein Law,* 2016 WL 9211672, at *1. Moreover, Schulz makes only general, speculative arguments that the settlement communications will confuse the issues and require him to address issues raised in confidential discussions and might affect jury. Doc. 13 at 7-8. Schulz also does not provide any legal authority requiring the Court to strike allegations related to settlement communications under Rule 12(f). *Id.* Thus, the Court finds Schulz's arguments insufficient to strike Plaintiffs' allegations and exhibits.

Lastly, Schulz seeks to strike allegations and exhibits pertaining to the injunction order issued by the court in the United Kingdom. Doc. 13 at 8-9. Schulz argues the Order creates an erroneous assumption that the order has a preclusive effect on this case and is irrelevant, immaterial and impertinent. *Id.* at 8. He asserts the order bears no relation to the issues raised because the litigation in the United Kingdom did not involve the same parties, Schulz did not have an opportunity to appear in that litigation, and the order does not prove the allegations necessary to establish Plaintiffs' claims. *Id.* at 8-9. Plaintiffs respond the foreign litigation involved related parties and facts, and Schulz does not know at this stage whether the injunction order would be necessary to prove facts relevant to Plaintiffs' claims. Doc. 29 at 13-14.

The Court finds the injunction order involved related parties and facts and do not confuse the issues because the Court is fully aware this order does not have any preclusive effect on this case. Furthermore, Schulz's argument is again based on

general arguments and lacks sufficient legal support. Doc. 13 at 8-9. Accordingly, the Court will not strike the requested allegations or exhibits because they are not "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f).

ACCORDINGLY, it is hereby

**ORDERED:**

Defendant's Motion to Strike Paragraphs 80-81, 87-102, and 123-129 as well as Exhibits E, I, J, K, M, N, and O of Plaintiffs' Verified Complaint (Doc. 13) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 12th day of April, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record